Filed 7/6/16  P. v. Prezzy CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND PREZZY,<br><br>    Defendant and Appellant. | A147064<br><br>(Solano County<br>Super. Ct. No. FCR311609) |

Raymond Prezzy (appellant) appeals from his post-jury trial conviction and sentence for one count of grand theft by embezzlement (Pen. Code,[1] 487, subd. (a)). Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

**Procedural and Material Factual Background**

An amended criminal complaint was filed on June 30, 2015, by the Solano County District Attorney charging appellant with one count of grand theft by embezzlement

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

1

(§ 487, subd. (a)), with the allegation that the violation was not discovered until August 23, 2011. Appellant pleaded not guilty to this charge on June 30, 2015.

An information charging the same offense and making the same allegation of discovery was subsequently filed on July 7, 2015.[2]

A demurrer to the charge was filed by appellant contending that count one was barred by the applicable statute of limitations. That demurrer ultimately was heard on August 19, 2015, and overruled. In doing so, the trial court determined that the four-year statute of limitations set forth in section 801.5 applied to the charged crime, and the amended complaint and subsequent information which alleged that the embezzlement was not discovered until August 2011 was legally sufficient.

A two-day jury trial was held in October 2015. The evidence presented at trial included the following:

The victim, Valencia Goodings (Goodings), testified that she first met appellant at Geovera Holdings, Inc., a property and casualty insurance company where she was employed, in 2006 or 2007. Appellant had been hired as a temporary employee in accounts receivable and the two interacted all day long on a daily basis. Appellant was later given a job offer for a permanent position with Geovera.

At some point appellant told Goodings that he was interested in starting his own business "flipping" real estate. Goodings expressed interest in this potential new venture. After appellant left Geovera, he met with Goodings to talk about his business. He explained to her that he would flip properties and put the net proceeds into a real estate Roth IRA for investors.

They met again on September 23, 2007. During that meeting, Goodings told appellant that her goals were to pay off the second mortgage on her home, and to accumulate an emergency fund to help them in the event either she or her husband suddenly became unemployed. Goodings testified that appellant told her that the real estate Roth IRA was a good vehicle to meet these goals. He showed her some potential

---

[2] The discovery allegation was included to meet the statute of limitations, which is four years from discovery or from when discovery would reasonably have occurred.

2

properties in the $100,000 range that he was considering buying as investments. Goodings and appellant agreed that appellant would locate properties, present them to her, and then they would discuss whether or not she and her husband wanted to purchase them. Goodings signed a contract at this meeting and gave appellant one check for $10,000 and another for $1,000 to be used to go forward with the real estate Roth IRA. The $10,000 would stay in the account earning interest until it was needed to purchase property. The $1,000 was to cover "initial" fees.

Goodings testified that at that time she and her husband Alexander recently had moved to California, and they wanted to find someone local to handle their taxes. Because she knew and felt comfortable with appellant, she and her husband also hired appellant to prepare their taxes. Appellant prepared the Goodings' taxes in 2008, 2009, and 2010.

Alexander then lost his job, and Goodings had been on his health insurance. The couple became unable to pay bills because of Alexander's unemployment and Goodings's resulting lack of adequate medical insurance.

Goodings testified that she decided to liquidate their Roth IRA account in 2009, and told appellant that she wished to do so. Appellant told Goodings that she and her husband were "taking the bread and butter out of his mouth," and so Goodings decided to leave the money where it was and instead to focus on her health.

On July 18, 2011, Goodings told appellant again that she wished to liquidate the account. Appellant told her about the penalties and fees associated with liquidation, and Goodings said she and husband would pay them. Goodings sent an email to appellant confirming their decision. Appellant did not respond.

One month later, Goodings received a deficiency notice from the Internal Revenue Service (IRS) stating that she and her husband owed $32,000. She then called the IRS and learned that it had sent three notices, but she had not received them. Among other things, she also learned from the IRS that the address on their tax returns was not theirs. The notices had been sent to SC Investments in Suisun City, which was appellant's

3

company. Goodings testified that she did not authorize any change of address for the tax returns.

Goodings continued to email appellant to liquidate her account, but appellant did not respond. Finally, after she emailed him again on October 30, 2011, appellant responded via email that he would proceed to liquidate the account, noting that it would take 30 days to complete. Goodings replied that their contract did not say that liquidation would take 30 days, and she asked again that he liquidate the account immediately. Appellant responded that it would take until the end of the year to conclude. Goodings testified that she did not hear back from appellant after that exchange, and that she and her husband never received their $10,000.

Officer Steven Garcia with the Fairfield Police Department testified that the Goodings came to his office on August 23, 2011, to file a police report. He called appellant, but appellant did not return his call.

At the conclusion of the evidence defense counsel made a motion for judgment of acquittal (§ 1118.1), arguing there was insufficient evidence to support the charge because the prosecution had not proven that appellant had the specific intent to deprive the victims of their funds, or that he converted the Goodings' money for his personal gain. The motion was denied by the court, which concluded there was substantial evidence to support a verdict of guilt.

The jury then was instructed on the applicable law. In addition to the question of guilt, the issue of whether the prosecution was commenced within the four-year statute of limitations period was submitted to the jury for decision. In this regard, the jury was instructed that to meet the limitations period, the prosecution must have been commenced within four years from the date the crime should have been discovered by the victim; that is, "when the victim was aware of facts that would have alerted a reasonably diligent person in the same circumstances to the fact that a crime may have been committed."[3]

---

[3] The four-year statute of limitations was applicable because the charged crime is one those enumerated in section 803, subdivision (c)(1). This instruction also follows CALCRIM No. 3410 and is consistent with applicable law as to the commencement of the running of the statute of limitations. (*People v. Zamora* (1976) 18 Cal.3d 538, 561.)

4

Thereafter the jury found appellant guilty of the charged offense, and found the offense was not barred by the statute of limitations.

A sentencing hearing took place on December 3, 2015, at which time the court suspended imposition of sentence, and placed appellant on five years formal probation. In addition, various conditions of probation were ordered, including that appellant serve one year in the county jail. This sentence followed the probation department's recommendations.

Appellant filed a timely notice of appeal on December 8, 2015.

### Conclusions Based Upon Independent Record Review

Upon our independent review of the record, we conclude there are no meritorious issues to be argued or that require further briefing on appeal. Appellant's demurrer on statute of limitations grounds was properly overruled, and his motion for judgment of acquittal was properly denied. The jury was properly instructed on the applicable law, and the jury's subsequent findings were supported by the evidence. The sentence appellant received was within the discretion of the trial court and was factually and legally supported. At all times appellant was represented by counsel.

### DISPOSITION

The judgment is affirmed.

_____

RUVOLO, P. J.


We concur:


_____

REARDON, J.


_____

RIVERA, J.


A147064, *People v. Prezzy*

6